# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T&S ENTERPRISES, LLC,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>SUMITOMO CORPORATION OF AMERICA, et al.,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 11cv1318-GPC (MDD)<br><br>ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE: DISCLOSURE OF CHRONOLOGY<br><br>[ECF NO. 52] |

## Background

Before the Court is the joint motion of the parties for determination of a discovery dispute filed on September 21, 2012. (ECF No. 52). The dispute involves Defendants' demand that Plaintiff produce a document reviewed by a witness prior to his deposition. Plaintiff asserts that the document, a chronological index, is privileged and is protected attorney work-product. (*Id.*).

In this case, Plaintiff has sued Defendants based upon a contract made in the late 1990's in which Plaintiff agreed to assist Defendants in forming a strategic alliance with a third party. In 2001, the agreement ended. Plaintiff asserts that in 2011 it discovered that beginning in 2002 Defendants engaged in a business relationship with the third party and seeks to enforce its agreement for a percentage of the business done. (*See* ECF No. 10 (Order Denying Motion to Dismiss) at p. 1-3).

On August 14, 2012, Defendants deposed Kurt B. Toneys, one of the three

1  partners of Plaintiff. During the deposition, in response to questioning, Mr. Toneys
2  disclosed that he reviewed a "privileged timeline" apparently created by counsel for
3  Plaintiff with input from other principals of Plaintiff. (*See* ECF No. 52-2, Exh. A at
4  pages A2-A4). Mr. Toneys admitted that he reviewed the timeline during the several
5  days leading up to the deposition to help him testify and last reviewed it about an
6  hour prior to the deposition. (*Id.* at A4, A5). Mr. Toneys also admitted that without
7  the timeline, he had "no idea" when certain discussions occurred nor the substance of
8  those discussion. (*Id.* at A9). Upon request, counsel for Plaintiff refused to produce
9  the chronology asserting both attorney-client privilege and protection as attorney
10 work-product. (*Id.* at A4-A5).

11     The chronology at issue has been submitted to the Court and reviewed *in*
12 *camera*. The Court also received and reviewed the deposition transcript of Mr.
13 Toneys. For the reasons provided below, Defendants' motion is **GRANTED IN**
14 **PART**; Plaintiff must produce the chronological index to Defendants. The fields
15 labeled "Key" and "Notes" may be redacted.

16 Discussion

17     Federal Rule of Evidence 612 requires the production of writings used by a
18 witness to refresh the witness' memory either while testifying or "before testifying, if
19 the court decides that justice requires . . . ." Fed.R.Evid. 612(a)(2). Rule 612 is made
20 applicable to depositions by Fed.R.Civ.P. 30(c).

21     For the document to be disclosed, the court must find that the witness used the
22 document to refresh his memory for the purpose of testifying. Then, the court must
23 decide whether the interests of justice entitle the adverse party to see the document.
24 *See Sporck v. Peil,* 759 F.2d 312, 317 (3d Cir. 1985); *K&S Associates, Inc., v. American*
25 *Assoc. of Physicists in Medicine,* 2012 WL 4364087 \*3 (M.D.Tenn. Sept. 21, 2012).
26 Before requiring disclosure,

27     courts have required some evidence that a witness actually has relied
    upon documents in giving his testimony or that those documents
28     somehow influenced his testimony . . . .

1  *Id.* (citations omitted).  *See also Sporck,* 759 F.2d at 318 ("the document is of little
2  utility for impeachment and cross-examination without a showing that the document
3  actually influenced the witness' testimony").

4      Plaintiff's protestations to the contrary, it is clear that Mr. Toneys used the
5  chronology to refresh his memory for the purpose of testifying.  Mr. Toneys stated:

6      "There's so many things happened and over such a long period of that,
7  you know, it is helpful for me to look at the chronology and refer to it for clarity sake."

8  (ECF No. 52-1, Exh. A at A2-A3).  When asked if he reviewed the chronology "to help
9  you be able to testify better today," Mr. Toneys responded, "Correct."  (*Id.* at A4).  Mr.
10 Toneys also said that he last reviewed the chronology about an hour before his
11 deposition.  (*Id.*).

12     The Court finds that there is sufficient evidence that Mr. Toneys relied upon
13 the chronology in giving his testimony or that the chronology influenced his
14 testimony.  The deposition testimony confirms that Mr. Toneys' recollection of the
15 events was weak and that he had little independent recollection of the events in
16 question.  Considering the state of his testimony, the Court finds that Mr. Toneys
17 likely would have had an even weaker recollection of the facts and events had he not
18 reviewed the chronology repeatedly prior to his deposition.  To the extent that Mr.
19 Toneys had any recollection of the facts and events it appears that it was based upon
20 the recollections contained in the chronology.

21     Having reviewed the chronology and the deposition transcript, the Court finds
22 that the designation of a document as "key" and the attorney comments in the note
23 field may be redacted.  There is no evidence that information in those fields
24 influenced Mr. Toneys' testimony.  The information is protected attorney work
25 product and the Court finds that the interests of justice do not require the disclosure
26 of the information in those fields.

27 <u>Conclusion</u>

28     For the foregoing reasons, Defendants' motion to compel production of the

1  chronology reviewed by Mr. Toneys in advance of his deposition on August 14, 2012,
2  is **GRANTED IN PART**.  Plaintiff must produce the chronology to Defendants
3  within 14 days of the date of this Order.  Plaintiff may redact the information
4  contained in the "key" field and in the "Notes" field.
5      **IT IS SO ORDERED**.
6  DATED: October 10, 2012

                                Hon. Mitchell D. Dembin
                                U.S. Magistrate Judge